■ ADA STERLING, on Behalf of Herself and All Others Similarly Situated, Respondent, v ALBERT ACKERMAN, Appellant. [663 NYS2d 842] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 11, 1996, which, in an action to recover fees paid by plaintiff patient to defendant doctor in excess of amounts allowed by Federal and State Medicare limiting charge statutes, denied defendant's motion to dismiss the complaint, and directed disclosure in order to determine whether the action should proceed as a class action, unanimously affirmed, without costs.

Defendant's argument that plaintiff has not exhausted her administrative remedies is unsupported by identification of any administrative remedies to exhaust. The hearing referred to in Public Health Law § 19 is afforded to physicians prior to being fined for Medicare overcharges, and is not an administrative remedy for overcharged patients. The Federal scheme set forth in 42 CFR 405.807 and 42 USC § 1395ff provides for an administrative remedy in instances where the Medicare beneficiary disputes the amount Medicare approved for payment to a physician. Here, the dispute is not with Medicare but with the physician. We also reject defendant's claim that plaintiff does not have a private right of action to enforce the limiting charge laws (see, *Medicare Beneficiaries Defense Fund v Memorial Sloan-Kettering Cancer Ctr.*, 159 Misc 2d 442). Concerning plaintiff's cause of action under General Business Law § 349 (a), her allegations that defendant has repeatedly violated the limiting charge laws that were designed to protect elderly and disabled Medicare Part B beneficiaries clearly state an "impact on consumers at large", as required for a cause of action thereunder (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25). Finally, since billing information is not protected by the physician-patient privilege (see, *Henry v Lewis*, 102 AD2d 430, 432), and the only information needed to determine whether a class exists is billing records of any overcharges, the disclosure ordered by the IAS Court was appropriate and will not unduly impinge upon the physician-patient privilege.

We have considered defendant's other arguments, including that the action has been rendered moot by his belated offers to refund the alleged overcharge to plaintiff, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.